1   J. Leah Castella (SBN 205990)
    E-mail:  lcastella@bwslaw.com
2   BURKE, WILLIAMS & SORENSEN, LLP
    1901 Harrison Street, Suite 900
3   Oakland, CA  94612-3501
    Tel: 510.273.8780   Fax:  510.839.9104
4
    Alice A. Kelly (IL Bar 212390)
5   E-Mail:  Alice.Kelly@icemiller.com
    ICE MILLER LLP
6   200 West Madison Street, Suite 3500
    Chicago, IL  60606
7   Tel:  312.726.5167
8   Attorneys for Plaintiff
    ZIPLINE LOGISTICS, LLC
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  ZIPLINE LOGISTICS, LLC,              Case No.

15              Plaintiff,               **COMPLAINT FOR WILLFUL**
                                         **TRADEMARK INFRINGEMENT,**
16  v.                                   **CYBERSQUATTING, UNFAIR**
                                         **COMPETITION, CANCELLATION OF**
17  ZIPLINE INTERNATIONAL, INC.,         **REGISTRATIONS, AND CALIFORNIA**
                                         **STATE CAUSES OF ACTION**
18              Defendant.
                                         **JURY DEMAND REQUESTED**
19

20

21        Plaintiff, Zipline Logistics, LLC ("Plaintiff" or "Zipline"), by and through its counsel,

22  hereby brings this complaint for Willful Trademark Infringement, Cybersquatting, Unfair

23  Competition, Cancellation of Registrations, and California State Causes of Action against

24  Defendant Zipline International, Inc. ("Defendant" or "Zipline International") and alleges as

25  follows:

26                       **NATURE OF THE ACTION**

27        1.    This action arises from Zipline International's unfair competition and trademark

28  infringement resulting from its unauthorized use of Zipline's registered and common law

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETION

trademark rights in and to the word ZIPLINE. Zipline asserts its claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and California state and common law.

## THE PARTIES

2.      Plaintiff Zipline Logistics, LLC, is a limited liability company organized and existing under the laws of Ohio having a principal place of business in Columbus, Ohio.

3.      Upon information and belief, Defendant Zipline International, Inc., is a corporation organized and existing under the laws of Delaware having a principal place of business in Half Moon Bay, California with distribution centers in South San Francisco.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a).  This Court also has jurisdiction over the related state and common law claims pursuant to at least 28 U.S.C. § 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Zipline International in this instance pursuant to the California long arm statute, Cal. Code Civ. Proc. §410.10, and in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Jurisdiction is proper because, among other things, Zipline International is a resident of this District purposefully availing itself of the benefits of doing business in the State of California.

6.      Venue is proper pursuant to 28 U.S.C. § 1391 in that Zipline International resides in and does business in this District and a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

## Zipline and its ZIPLINE Mark

7.      Plaintiff, Zipline Logistics, LLC ("Zipline" or "Plaintiff") is a digitally-enabled, managed transportation partner that has been engaged in the business of transportation logistics services since June 2007.  It provides its clients with superior transactional and strategic services and its goal is to improve the lives of transportation professionals.

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

8. Since 2007, Zipline has continuously marketed, advertised, and sold transportation and logistics services to customers throughout the United States under the mark ZIPLINE.

9. Zipline owns an incontestable U.S. registration for ZIPLINE (U.S. Registration No. 3,476,336) in international class 035 for "Transportation logistics services, namely, arranging the transportation of goods for others" which registered on July 29, 2008. Zipline also owns a U.S. registration for ZIPLINE (U.S. Registration No. 5,108,671) in international class 039 for "Supply chain, logistics and reverse logistics services, namely, storage, transportation and delivery of documents, packages, raw materials, and other freight for others by air, rail, ship or truck," which registered on December 27, 2016. True and correct copies of the current statuses from the USPTO's Trademark Status and Document Retrieval ("TSDR") for Registration Nos. 3,476,336 and 5,108,671 are attached hereto as Exhibit 1.

10. Pursuant to 15 U.S.C. §§1065 and 1115(b), Zipline's incontestable registration for ZIPLINE (Registration No. 3,476,336) is conclusive evidence of the validity of the ZIPLINE mark, as well as Zipline's ownership and exclusive right to use ZIPLINE. Furthermore, Zipline's federal registration for ZIPLINE (Registration No. 5,108,671) is *prima facie* evidence of validity, and Zipline's ownership and exclusive right to use the ZIPLINE mark, pursuant to 15 U.S.C. §§ 1057(b) and 1115(a).

11. Zipline has expended substantial time, money, and resources marketing, advertising, and promoting the services offered under the ZIPLINE mark continuously since at least as early as 2007. By virtue of extensive sales, advertising, and promotion, Zipline has built up extremely valuable goodwill in ZIPLINE which is recognized by the consuming public and Zipline's trade as a source identifier for Zipline's services.

12. As a result of its widespread, continuous, and exclusive use of the ZIPLINE mark to identify its services and Zipline as its source, Zipline's ZIPLINE mark is distinctive. In addition, its widespread, continuous, and exclusive use of ZIPLINE mark has resulted in Zipline's ownership of valid and subsisting federal statutory and common law rights in and to the ZIPLINE mark.

/ / /

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

- 3 -

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

**Zipline International's Unauthorized and Unlawful Conduct**

13.     Long after Zipline's adoption and registration of ZIPLINE, as well as its use of ZIPLINE becoming distinctive, Zipline International, Inc. ("Defendant" or "Zipline International") began using ZIPLINE without authorization as a source identifier for its technology services, drone products, and drone leasing services.

14.     Notwithstanding Zipline's prior rights in and to the ZIPLINE mark, Zipline International, on November 24, 2015, filed an intent-to-use application for ZIPLINE (Registration No. 5,407,988) in international class 012 for "Aircraft; drones; robotic transport vehicles; unmanned aerial vehicles (UAVs)". The Mark received a Notice of Allowance on June 28, 2016 and a Statement of Use was filed on December 28, 2017 claiming August 4, 2016 as the date of first use in commerce. Zipline International's Mark registered on February 20, 2018.

15.     Upon information and belief, prior to Zipline International's filing of its Statement of Use on December 28, 2017 and its claimed use date of August 4, 2016, Zipline International had not used the mark ZIPLINE in connection with the goods identified in Registration Number 5,407,988.

16.     Upon information and belief, Zipline International's Statement of Use for Registration Number 5,407,988 shows only a prototype flying device and does not show evidence use in commerce of ZIPLINE by Zipline International in commerce in the U.S., but rather in Rwanda where Zipline International was exclusively been operating.

17.     Notwithstanding Zipline's prior rights in and to the ZIPLINE mark, Zipline International also filed a use-based application for ZIPLINE (Registration No. 5,682,970) in international class 035 for "transportation logistics services, namely, arranging the transportation of packages for others using unmanned aerial vehicles (UAVs)" and in international class 39 for "Air transport services; Medical transport services; Supply chain logistics and reverse logistics services, namely, storage, transportation and delivery of packages for others by unmanned aerial vehicles (UAVs); Supply chain logistics and reverse logistics services, namely, storage, transportation and delivery of packages for others by unmanned aerial vehicles (UAVs); leasing of aircraft" on December 19, 2016. The application was initially refused registration based on

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

- 4 -

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

1    Zipline's registrations for ZIPLINE (Registration Nos. 5,108,671 and 3,476,336).

2        18.    Zipline International, in recognition of Zipline's prior and superior rights to

3    ZIPLINE, voluntarily abandoned its "transportation logistics services, namely, arranging the

4    transportation of packages for others using unmanned aerial vehicles (UAVs)" claim for

5    ZIPLINE (Registration No. 5,682,970) to claim only rights to ZIPINE for "leasing of unmanned

6    aerial vehicles (UAVs)." The mark registered on February 26, 2019 only in international class 39

7    for "leasing of unmanned aerial vehicles (UAVs)".

8        19.    Upon information and belief, Zipline International had not used the mark ZIPLINE

9    in connection with the services identified in the Registration Number 5,682,970 prior to filing its

10   use-based application for ZIPLINE.

11       20.    Upon information and belief, Zipline International was not using the mark

12   ZIPLINE in connection with the services identified in the Registration Number 5,682,970 at the

13   time it filed its use-based application for ZIPLINE.

14       21.    On information and belief, Zipline International had actual knowledge of Zipline's

15   rights to ZIPLINE long prior to filing its applications.

16       22.    On information and belief, Zipline International owns the domain

17   <www.flyzipline.com>.

18       23.    On information and belief, Zipline International had actual knowledge of Zipline's

19   rights to ZIPLINE long prior to its registration of the domain <www.flyzipline.com>.

20       24.    On information and belief, since Zipline International's unauthorized adoption of

21   ZIPLINE it has increasingly expanded its services to go well beyond its registered drone products

22   and drone leasing services despite its actual knowledge of Zipline's prior, superior rights to

23   ZIPLINE as acknowledged by Zipline International's removal of additional services from

24   Registration Number 5,682,970.

25       25.    On information and belief, Zipline International has expanded its service offerings

26   under the mark ZIPLINE to include logistics services, which are highly related to if not identical

27   to Zipline's logistics services, willfully and with knowledge of Zipline's prior and superior rights

28   to ZIPLINE.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 5 -

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

26. On information and belief, Zipline International intends to expand its services and intends to use ZIPLINE with services identical to Zipline's logistics services willfully and with knowledge of Zipline's prior and superior rights to ZIPLINE.

27. Zipline International's unauthorized and infringing use of ZIPLINE, as well as expansion of its services, is likely to cause and has caused actual consumer confusion in the marketplace and lead consumers to believe that Zipline and Zipline International's respective goods and services originate from the same source.

28. Zipline International's unauthorized and infringing use of ZIPLINE, as well as expansion of its services, has caused real and actual confusion in the marketplace and led consumers to believe that Zipline and Zipline International's respective goods and services originate from the same source.

29. Zipline International has continued its unauthorized and infringing use of ZIPLINE despite its actual knowledge of real and actual confusion in the market.

**Summary of the History Between the Parties**

30. Upon learning of Zipline International's first registration for ZIPLINE in connection with drones, Zipline contacted Zipline International. Zipline International assured Plaintiff there was no possibility of confusion as Zipline International was only in the business of selling drones.

31. As time went on, Zipline International's assurances proved to be untrue and, Zipline recently became aware of Zipline International's unauthorized extension of its use of ZIPLINE beyond its registered goods and services and into logistics, which is where Zipline has been using ZIPLINE since 2007 and has generated both distinction in ZIPLINE as a source identifier and consumer goodwill.

32. Zipline has also recently learned Zipline International's intentions for ZIPLINE were and are much broader and Zipline International intends to directly compete with Zipline and offer competing services.

33. Zipline International's unauthorized extension of its use of ZIPLINE has caused real and actual consumer confusion in the logistics market.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 6 -

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

34.     As a result of Zipline International's expanded use, on August 27, 2018, Zipline filed Cancellation Proceeding Number 92069383 before the Trademark Trial and Appeal Board with the limited purpose of canceling Zipline International's ZIPLINE Registration Number 5,407,988 based on the face of Zipline International's and Zipline's respective registrations.

35.     Zipline International filed an answer with the Trademark Trial and Appeal Board on October 4, 2018. All action in Cancellation Proceeding Number 92069383 has been suspended since November 19, 2018 as the parties have been negotiating settlement to no avail.

36.     Since Cancellation Proceeding Number 92069383 was initiated, Zipline International has continued to expand its services into Zipline's logistics market without authorization from Zipline, including modifying the website at the domain <flyzipline.com> to detail the expansion of its logistics services.

37.     With Zipline and Zipline International's settlement negotiations at an impasse, Zipline filed this Action.

## COUNT I

### (Trademark Infringement – Lanham Act, 15 U.S.C. § 1114)

38.     Zipline re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

39.     Zipline International's unauthorized and infringing use of ZIPLINE, as alleged herein, is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, affiliation, association, or approval, and mislead consumers, all to Zipline's damage.

40.     Upon information and belief, Zipline International's unauthorized and infringing use of ZIPLINE, as alleged herein, has caused and is likely to continue to cause real and actual confusion, mistake, or deception as to whether Zipline International's products are associated, affiliated or connected with, or approved or sponsored by Zipline.

41.     Zipline International's unauthorized and infringing use of ZIPLINE constitutes infringement of Zipline's exclusive rights in and to the ZIPLINE mark, including Zipline's federally registered trademarks in violation of 15 U.S.C. § 1114.

/ / /

42.     Upon information and belief, Zipline International's unauthorized and infringing use of the ZIPLINE has resulted in injury and will continue to injure Zipline because it has influenced the purchasing decisions of consumers and potential consumers, diverted sales and potential sales, and damaged the substantial goodwill associated with Zipline's ZIPLINE mark.

43.     Upon information and belief, as a proximate cause of its unlawful conduct, Zipline International has or will receive substantial profits to which it is not entitled. Zipline International has competed unfairly with Zipline's and has realized unjust profits in an amount to be established at trial.

44.     Zipline International acted with full knowledge of Zipline's rights in and to the ZIPLINE mark and with the intent to usurp such rights. Zipline International's actions are intentional, willful, and calculated to cause confusion, mistake or deception, entitling Zipline to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

45.     Zipline International's conduct has caused and will continue to cause damage and irreparable harm to Zipline unless enjoined by this Court.  Zipline has no adequate remedy at law, and Zipline is entitled to injunctive relief.

## COUNT II

**(Unfair Competition & Trademark Infringement – Lanham Act, 15 U.S.C. § 1125)**

46.     Zipline re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

47.     Zipline International's unauthorized and infringing use of ZIPLINE, as alleged herein, is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, affiliation, association, or approval, and mislead consumers, all to Zipline's damage.

48.     Upon information and belief, Zipline International's unauthorized and infringing use of ZIPLINE, as alleged herein, has caused and is likely to continue to cause real and actual confusion, mistake, or deception as to whether Zipline International's products are associated, affiliated, or connected with, or approved or sponsored by Zipline.

49.     Zipline International acted with full knowledge of Zipline's rights in and to the ZIPLINE mark and with the intent to usurp such rights. Zipline International's actions are

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 8 -

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

intentional, willful, and calculated to cause confusion, mistake, or deception, entitling Zipline to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

50.     Upon information and belief, Zipline International's unauthorized and infringing use of the ZIPLINE has resulted in injury and will continue to injure Zipline's because it has influenced the purchasing decisions of consumers and potential consumers, diverted sales and potential sales, and damaged the substantial goodwill associated with Zipline's ZIPLINE mark

51.     Upon information and belief, as a proximate cause of its unlawful conduct, Zipline International has or will receive substantial profits to which it is not entitled.    Zipline International has competed unfairly with Zipline and has realized unjust profits in an amount to be established at trial.

52.     Zipline International acted with full knowledge of Zipline's rights in and to the ZIPLINE mark and with the intent to usurp such rights. Zipline International's actions are intentional, willful, and calculated to cause confusion, mistake or deception, entitling Zipline's to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

53.     Zipline International's actions have caused irreparable injury to Zipline's reputation and goodwill and, unless enjoined, Zipline International will continue its acts of unfair competition.  Zipline has no adequate remedy at law and is entitled to injunctive relief.

## COUNT III

### (Federal Anti-Cybersquatting Consumer Protection Act U.S.C. § 1125(d))

54.     Zipline re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

55.     As a result of Zipline's federal registrations and common law use, it is the owner of the ZIPLINE mark.

56.     As a result of the duration, extent, and geographic reach of Zipline's use of the ZIPLINE mark and advertising and publicity associated with ZIPLINE, ZIPLINE as achieved distinction and is recognized by the consuming public as a designation of source of Zipline's services.

/ / /

1     57.    Zipline International registered and currently owns and uses <flyzipline.com>.

2     58.    Zipline International's <flyzipline.com> is confusingly similar to and Zipline's

3 ZIPLINE mark.

4     59.    Zipline International registered <flyzipline.com> after Zipline's ZIPLINE mark

5 became distinctive, in a bad faith intent to profit from Zipline's distinctive ZIPLINE mark, in

6 violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

7     60.    These acts have caused, and unless restrained by this Court will continue to cause,

8 serious and irreparable injury to Zipline, for which Zipline has no adequate remedy at law.

9

**COUNT IV**

10

**(Cancellation of U.S. Reg. Nos. 5,407,988 and 5,682,970 –**

11
**15 U.S.C. §§ 1051(a), 1052(d), and 1119)**

12     61.    Zipline re-alleges the allegations contained in the foregoing paragraphs as if fully

13 set forth herein.

14     62.    Zipline seeks cancellation of Zipline International's federal registrations for

15 ZIPLINE  shown in Registration Number 5,407,988  and Registration No. 5,682,970 pursuant to

16 15 U.S.C. §1119.

17     63.    On information and belief, Zipline International's ZIPLINE mark as shown in

18 Registration No. 5,682,970 was not in use in U.S. commerce at the time Zipline International

19 filed its use-based application with the United States Patent and Trademark Office on which the

20 resulting registration was based.

21     64.    On information and belief, Zipline International's ZIPLINE mark as shown in

22 Registration Number 5,407,988 was not in use in interstate commerce at the time Zipline

23 International filed a Statement of Use in support of this Registration.

24     65.    As such, Registration Number 5,407,988  and Registration Number 5,682,970  are

25 *void ab initio* and should be cancelled pursuant to 15 U.S.C. §§ 1051(a) and 1119.

26     66.    Zipline's registrations for ZIPLINE as shown in Registration Numbers 3,476,336

27 has filing priority over Zipline International's registrations for ZIPLINE  shown in Registration

28 Number 5,407,988 and Registration No. 5,682,970, and Zipline's use of ZIPLINE in U.S.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 10 -

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

commerce pre-dates Zipline International's use of ZIPLINE in interstate commerce.

67.     Upon information and belief, Zipline International's federal registrations for ZIPLINE shown in Registration Number 5,407,988 and Registration No. 5,682,970 have caused and will likely continue to cause confusion, mistake, or deception as to the source or origin of Zipline International's products.

68.     Zipline International's federal registrations for ZIPLINE shown in Registration Number 5,407,988  and Registration No. 5,682,970 should be cancelled based on a likelihood of consumer confusion pursuant to 15 U.S.C. §§ 1052(d) and 1119.

## COUNT V

### (Violation of the California Business & Professions Code, Cal. B&P 17200)

69.     Zipline re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

70.     Business & Professions Code section 17200 defines unfair competition as, *inter alia*, an unlawful business act or practice of an unfair business act or practice.

71.     Zipline International's conduct alleged herein, constitutes unfair competition as Zipline International has and engaged and continues to engage in a business practice which violates California law in that it has caused and is likely to continue to cause confusion, mistake, or deception as to the source or origin of Zipline International's products, and has caused and is likely to continue to cause confusion, mistake, or deception as to whether Zipline International's products are associated, affiliated or connected with, or approved or sponsored by Zipline.

72.     Zipline International's unlawful conduct set forth herein has been and continues to be willful, deliberate, and in bad faith and constitutes unlawful activity prohibited by Business & Professions Code section 17200.

73.     Zipline International's policies, practices, and procedures alleged herein constitute unfair business practices under Business & Professions code section 17200 as it has caused and is likely to continue to cause confusion, mistake, or deception as to the source or origin of Zipline International's products, and has caused and is likely to continue to cause confusion, mistake, or deception as to whether Zipline International's products are associated, affiliated or connected

1    with, or approved or sponsored by Zipline.

2        74.    On information and belief, as a result of its unlawful and unfair acts, Zipline

3    International has reaped and continues to reap unfair benefits and illegal profits at the expense of

4    Zipline.

5        75.    Zipline International's unlawful conduct has and will continue to cause irreparable

6    damage to Zipline, for which Zipline has no adequate remedy at law. Unless enjoined, Zipline

7    International will continue this conduct, further injuring Zipline and confusing and misleading the

8    public.

9        76.    Zipline seeks all injunctive and preventative relief authorized by Business &

10   Professions Code sections 17202 and 17203.

11                                **COUNT VI**

12              **(Common Law Unfair Competition / Trademark Infringement)**

13       77.    Zipline re-allege the allegations contained in the foregoing paragraphs as if fully

14   set forth herein.

15       78.    Zipline International's unauthorized and infringing use of ZIPLINE, as alleged

16   herein,

17       79.    Zipline International's use of ZIPLINE is confusingly similar to Zipline's

18   ZIPLINE mark in appearance, commercial impression, and meaning. Further, the goods and

19   services of the parties are highly related and travel through the same trade channels. Zipline

20   International's use of ZIPLINE is likely to cause consumer confusion as to source, origin,

21   sponsorship, affiliation, association or approval and mislead consumers, all to Zipline's damage.

22       80.    Zipline International's unauthorized adoption and use ZIPLINE, upon information

23   and belief, has caused and will likely continue to cause real and actual confusion, mistake, or

24   deception as to the source or origin of Zipline International's products, and has caused and is

25   likely to continue to cause confusion, mistake, or deception as to whether Zipline International's

26   products are associated, affiliated or connected with, or approved or sponsored by Zipline,

27   constituting unfair competition in violation of the common law of the State of California.

28   / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

81.     Upon information and belief, as a proximate cause of its unlawful conduct, Zipline International has or will receive substantial profits to which it is not entitled. Zipline International has competed unfairly with Zipline and has realized unjust profits in an amount to be established at trial.

82.     Zipline International has caused irreparable injury to Zipline's reputation and goodwill and, unless enjoined, Zipline International will continue its acts of unfair competition. Zipline has no adequate remedy at law and are entitled to injunctive relief.

**REQUEST FOR RELIEF**

**WHEREFORE**, Zipline respectfully requests that the Court:

1.     Enter judgment that Zipline International has infringed Zipline's rights in ZIPLINE, including Zipline's federally registered trademark rights;

2.     Preliminarily and permanently enjoin Zipline International, its officers, agents, representatives, employees, and those persons acting in concert or participation with them, from using ZIPLINE or any mark confusingly similar thereto in connection with any of Zipline International's goods or services;

3.     Order Zipline International to pay actual damages that Zipline has suffered as a result of Zipline International's infringement and unfair competition;

4.     Order Zipline International to disgorge all profits attributable to its infringement and unfair competition;

5.     Order Zipline International and the domain name registrar to transfer ownership of the domain name <flyzipline.com>, and any other domain name incorporating, in whole or in part, the ZIPLINE mark, and owned or under the control of Zipline International to Zipline;

6.     Statutory damages pursuant to 15 U.S.C. § 117(d) for the infringing domain name, <flyzipline.com>;

7.     Cancel U.S. Registration Numbers 5,407,988 and 5,682,970;

8.     Grant Zipline treble and enhanced damages, attorneys' fees, and costs as provided for by statute;

/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 13 -

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

1    9.    Grant further equitable relief in order to enjoin the harm caused by Zipline

2  International;

3    10.    Grant Zipline prejudgment and post-judgment interest; and

4    11.    Grant such other and further relief as this Court deems just and equitable.

5                          **JURY TRIAL DEMANDED**

6    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Zipline hereby demands

7  and requests a trial by jury.

8  Dated:      June 6, 2019                    BURKE, WILLIAMS & SORENSEN, LLP

9

10                                       By: /s/ J. Leah Castella
                                            J. Leah Castella
11                                          Attorneys for Plaintiff
                                            ZIPLINE LOGISTICS, LLC
12

COMPLAINT FOR WILLFUL TRADEMARK
INFRINGEMENT, CYBERSQUATTING,
UNFAIR COMPETITION

# EXHIBIT 1

Complaint for Willful Trademark Infringement, Cybersquatting, Unfair Competition, Cancellation of Registrations, and California State Causes of Action

*Zipline Logistics, LLC v. Zipline International, Inc.*
USDC Northern District of California

**Generated on:** This page was generated by TSDR on 2019-06-06 16:01:43 EDT

**Mark:** ZIPLINE

# ZIPLINE

| | | | |
|---|---|---|---|
| **US Serial Number:** | 87030888 | **Application Filing Date:** | May 10, 2016 |
| **US Registration Number:** | 5108671 | **Registration Date:** | Dec. 27, 2016 |
| **Filed as TEAS RF:** | Yes | **Currently TEAS RF:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Dec. 27, 2016 | | |
| **Publication Date:** | Oct. 11, 2016 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | ZIPLINE |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Related Properties Information

| | |
|---|---|
| **Claimed Ownership of US Registrations:** | 3476336 |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Supply chain, logistics and reverse logistics services, namely, storage, transportation and delivery of documents, packages, raw materials, and other freight for others by air, rail, ship or truck | | |
| **International Class(es):** | 039 - Primary Class | **U.S Class(es):** | 100, 105 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jun. 06, 2007 | **Use in Commerce:** | Jun. 06, 2007 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Zipline Logistics, LLC |
| **Owner Address:** | 2300 West Fifth Avenue<br>Columbus, OHIO 43215<br>UNITED STATES |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY |

| | |
|---|---|
| **State or Country Where Organized:** | OHIO |

# Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Susan D. Rector | **Docket Number:** | 39485.0001 |
| **Attorney Primary Email Address:** | Susan.Rector@icemiller.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | Susan D. Rector<br>Ice Miller LLP<br>250 West Street, Suite 700<br>Columbus, OHIO 43215-7509<br>UNITED STATES | | |
| **Phone:** | (614) 462-2219 | **Fax:** | (614) 222-3481 |
| **Correspondent e-mail:** | Susan.Rector@icemiller.com | **Correspondent e-mail Authorized:** | Yes |

### Domestic Representative - Not Found

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Dec. 27, 2016 | REGISTERED-PRINCIPAL REGISTER | |
| Nov. 28, 2016 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Nov. 28, 2016 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Oct. 11, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Oct. 11, 2016 | PUBLISHED FOR OPPOSITION | |
| Sep. 21, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Aug. 31, 2016 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Aug. 25, 2016 | ASSIGNED TO EXAMINER | 72617 |
| May 14, 2016 | NOTICE OF PSEUDO MARK E-MAILED | |
| May 13, 2016 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| May 13, 2016 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

### TM Staff Information - None

### File Location

| | | | |
|---|---|---|---|
| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | Dec. 27, 2016 |

# Proceedings

### Summary

| | |
|---|---|
| **Number of Proceedings:** | 1 |

### Type of Proceeding: Cancellation

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 92069383 | **Filing Date:** | Aug 27, 2018 |
| **Status:** | Suspended | **Status Date:** | Feb 26, 2019 |
| **Interlocutory Attorney:** | ANDREW P BAXLEY | | |

### Defendant

| | |
|---|---|
| **Name:** | Zipline International Inc. aka Romotive, Inc. |
| **Correspondent Address:** | DANIEL I ACKERMAN<br>BROWNSTEIN HYATT FARBER SCHRECK LLP<br>410 17TH STREET SUITE 2200<br>DENVER CO , 80202<br>UNITED STATES |
| **Correspondent e-mail:** | jobermeyer@bhfs.com , dntrademarkdocket@bhfs.com , dackerman@bhfs.com , mfrancis@bhfs.com , ahouseal@bhfs.com |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| ZIPLINE | Cancellation Pending | 86830437 | 5407988 |

**Plaintiff(s)**

| | |
|---|---|
| **Name:** | Zipline Logistics, LLC |
| **Correspondent Address:** | SHYLA N JONES<br>ICE MILLER LLP<br>200 W MADISON SUITE 3500<br>CHICAGO IL , 60606<br>UNITED STATES |
| **Correspondent e-mail:** | shyla.jones@icemiller.com , alice.kelly@icemiller.com , chiipdocket@icemiller.com , Daisy.Muschamp@icemiller.com |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| ZIPLINE | REGISTERED AND RENEWED | 77359873 | 3476336 |
| ZIPLINE | Registered | 87030888 | 5108671 |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | Aug 27, 2018 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Aug 27, 2018 | Oct 06, 2018 |
| 3 | PENDING, INSTITUTED | Aug 27, 2018 | |
| 4 | ANSWER | Oct 04, 2018 | |
| 5 | D MOT FOR EXT W/ CONSENT | Nov 19, 2018 | |
| 6 | EXTENSION OF TIME GRANTED | Nov 19, 2018 | |
| 7 | D MOT FOR EXT W/ CONSENT | Jan 03, 2019 | |
| 8 | EXTENSION OF TIME GRANTED | Jan 03, 2019 | |
| 9 | D MOT TO SUSP W/ CONSENT PEND SETTL NEGOTIATIONS | Feb 26, 2019 | |
| 10 | SUSPENDED | Feb 26, 2019 | |
| 11 | P MOT TO SUSP W/ CONSENT PEND SETTL NEGOTIATIONS | Apr 30, 2019 | |
| 12 | SUSPENDED | May 01, 2019 | |

**Generated on:** This page was generated by TSDR on 2019-06-06 16:03:07 EDT

**Mark:** ZIPLINE

# ZIPLINE

| | | | |
|---|---|---|---|
| **US Serial Number:** | 77359873 | **Application Filing Date:** | Dec. 27, 2007 |
| **US Registration Number:** | 3476336 | **Registration Date:** | Jul. 29, 2008 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Feb. 11, 2018 | | |
| **Publication Date:** | May 13, 2008 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | ZIPLINE |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Transportation logistics services, namely, arranging the transportation of goods for others | | |
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jun. 06, 2007 | **Use in Commerce:** | Jun. 06, 2007 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | ZIPLINE LOGISTICS, LLC |
| **Owner Address:** | 2300 West Fifth Avenue<br>COLUMBUS, OHIO 43215<br>UNITED STATES |

**Legal Entity Type:** LIMITED LIABILITY COMPANY    **State or Country Where Organized:** OHIO

## Attorney/Correspondence Information

| Attorney of Record | |
|---|---|
| **Attorney Name:** Holiday W. Banta | **Docket Number:** 39485.103(1) |
| **Attorney Primary Email Address:** ipdocket@icemiller.com | **Attorney Email Authorized:** Yes |

| Correspondent | |
|---|---|
| **Correspondent Name/Address:** Holiday W. Banta<br>Ice Miller LLP<br>One American Square<br>Suite 2900<br>Indianapolis, INDIANA 46282<br>UNITED STATES | |
| **Phone:** (317) 236-5882 | **Fax:** (317) 592-5453 |
| **Correspondent e-mail:** ipdocket@icemiller.com ipdocketcolumbus@icemiller.com | **Correspondent e-mail Authorized:** Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Feb. 11, 2018 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - E-MAILED | |
| Feb. 11, 2018 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | 76293 |
| Feb. 11, 2018 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | 76293 |
| Feb. 11, 2018 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 76293 |
| Jan. 22, 2018 | TEAS SECTION 8 & 9 RECEIVED | |
| Jul. 29, 2017 | COURTESY REMINDER - SEC. 8 (10-YR)/SEC. 9 E-MAILED | |
| Jan. 14, 2017 | SEC. 15 ACKNOWLEDGEMENT - E-MAILED | |
| Jan. 14, 2017 | REGISTERED - SEC. 15 ACKNOWLEDGED | 74704 |
| Jan. 14, 2017 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 74704 |
| Nov. 28, 2016 | TEAS SECTION 15 RECEIVED | |
| Jul. 25, 2014 | NOTICE OF ACCEPTANCE OF SEC. 8 - E-MAILED | |
| Jul. 25, 2014 | REGISTERED - SEC. 8 (6-YR) ACCEPTED | 71378 |
| Jul. 25, 2014 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 71378 |
| Jul. 14, 2014 | TEAS SECTION 8 RECEIVED | |
| Mar. 21, 2012 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jul. 29, 2008 | REGISTERED-PRINCIPAL REGISTER | |
| May 13, 2008 | PUBLISHED FOR OPPOSITION | |
| Apr. 23, 2008 | NOTICE OF PUBLICATION | |
| Apr. 09, 2008 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 73296 |
| Apr. 09, 2008 | ASSIGNED TO LIE | 73296 |
| Mar. 31, 2008 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Mar. 29, 2008 | ASSIGNED TO EXAMINER | 76583 |
| Jan. 03, 2008 | NOTICE OF PSEUDO MARK MAILED | |
| Jan. 02, 2008 | NEW APPLICATION ENTERED IN TRAM | |

## Maintenance Filings or Post Registration Information

**Affidavit of Continued Use:** Section 8 - Accepted

**Affidavit of Incontestability:** Section 15 - Accepted

**Renewal Date:** Jul. 29, 2018

## TM Staff and Location Information

| TM Staff Information - None | |
|---|---|
| **File Location** | |
| Current Location: GENERIC WEB UPDATE | Date in Location:  Feb. 11, 2018 |

# Assignment Abstract Of Title Information

| **Summary** | |
|---|---|
| Total Assignments:  3 | Registrant:  Williams, Edward R. III |

## Assignment 1 of 3

| | |
|---|---|
| Conveyance: ASSIGNS THE ENTIRE INTEREST | |
| Reel/Frame: 4735/0442 | Pages:  2 |
| Date Recorded: Feb. 27, 2012 | |
| Supporting Documents: assignment-tm-4735-0442.pdf | |

| Assignor | |
|---|---|
| Name: WILLIAMS, EDWARD R. III | Execution Date:  Feb. 24, 2012 |
| Legal Entity Type: INDIVIDUAL | Citizenship:  No Citizenship Found |

| Assignee | |
|---|---|
| Name: ZIPLINE LOGISTICS, LLC | |
| Legal Entity Type: LIMITED LIABILITY COMPANY | State or Country Where Organized:  OHIO |
| Address: 781 NORTHWEST BLVD SUITE 100 COLUMBUS, OHIO 43212 | |

| Correspondent | |
|---|---|
| Correspondent Name: MATTHEW R CHASAR | |
| Correspondent Address: ATTORNEY AT LAW 455 DELTA AVENUE, SUITE 108 CINCINNATI, OH 45226 | |

| Domestic Representative - Not Found | |
|---|---|

## Assignment 2 of 3

| | |
|---|---|
| Conveyance: SECURITY INTEREST | |
| Reel/Frame: 4732/0058 | Pages:  9 |
| Date Recorded: Mar. 07, 2012 | |
| Supporting Documents: assignment-tm-4732-0058.pdf | |

| Assignor | |
|---|---|
| Name: ZIPLINE LOGISTICS LLC | Execution Date:  Mar. 02, 2012 |
| Legal Entity Type: LIMITED LIABILITY COMPANY | State or Country Where Organized:  OHIO |

| Assignee | |
|---|---|
| Name: FIRST FINANCIAL BANK, NATIONAL ASSOCIATION | |
| Legal Entity Type: NATIONAL BANKING ASSOCIATION | State or Country Where Organized:  UNITED STATES |
| Address: 300 HIGH STREET HAMILTON, OHIO 45011 | |

| Correspondent | |
|---|---|
| Correspondent Name: VORYS, SATER, SEYMOUR AND PEASE LLP | |
| Correspondent Address: P.O. BOX 2255 -- IPLAW@VORYS ATTN: RICHARD S. DONNELL, ESQ. COLUMBUS, OH 43216 | |

| Domestic Representative - Not Found | |
|---|---|

## Assignment 3 of 3

| | | | |
|---|---|---|---|
| **Conveyance:** | RELEASE BY SECURED PARTY | | |
| **Reel/Frame:** | 5181/0059 | **Pages:** | 5 |
| **Date Recorded:** | Dec. 23, 2013 | | |
| **Supporting Documents:** | assignment-tm-5181-0059.pdf | | |

| Assignor | |
|---|---|
| **Name:** FIRST FINANCIAL BANK NATIONAL ASSOCIATION | **Execution Date:** Dec. 20, 2013 |
| **Legal Entity Type:** NATIONAL BANKING ASSOCIATION | **State or Country Where Organized:** UNITED STATES |

| Assignee | |
|---|---|
| **Name:** ZIPLINE LOGISTICS LLC | |
| **Legal Entity Type:** LIMITED LIABILITY COMPANY | **State or Country Where Organized:** OHIO |
| **Address:** 781 NORTHWEST BLVD SUITE 100 COLUMBUS, OHIO 43212 | |

| Correspondent |
|---|
| **Correspondent Name:** VORYS, SATER, SEYMOUR AND PEASE LLP |
| **Correspondent Address:** P.O. BOX 2255 -- IPLAW@VORYS ATTN: TANYA MARIE CURCIO COLUMBUS, OH 43216-2255 |

| Domestic Representative - Not Found |
|---|

# Proceedings

| Summary | |
|---|---|
| **Number of Proceedings:** | 1 |

## Type of Proceeding: Cancellation

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 92069383 | **Filing Date:** | Aug 27, 2018 |
| **Status:** | Suspended | **Status Date:** | Feb 26, 2019 |
| **Interlocutory Attorney:** | ANDREW P BAXLEY | | |

| Defendant |
|---|
| **Name:** Zipline International Inc. aka Romotive, Inc. |
| **Correspondent Address:** DANIEL I ACKERMAN BROWNSTEIN HYATT FARBER SCHRECK LLP 410 17TH STREET SUITE 2200 DENVER CO , 80202 UNITED STATES |
| **Correspondent e-mail:** jobermeyer@bhfs.com , dntrademarkdocket@bhfs.com , dackerman@bhfs.com , mfrancis@bhfs.com , ahouseal@bhfs.com |

Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| ZIPLINE | Cancellation Pending | 86830437 | 5407988 |

| Plaintiff(s) |
|---|
| **Name:** Zipline Logistics, LLC |
| **Correspondent Address:** SHYLA N JONES ICE MILLER LLP 200 W MADISON SUITE 3500 CHICAGO IL , 60606 UNITED STATES |
| **Correspondent e-mail:** shyla.jones@icemiller.com , alice.kelly@icemiller.com , chiipdocket@icemiller.com , Daisy.Muschamp@icemiller.com |

Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| ZIPLINE | REGISTERED AND RENEWED | 77359873 | 3476336 |
| ZIPLINE | Registered | 87030888 | 5108671 |

| Prosecution History | | | |
|---|---|---|---|
| Entry Number | History Text | Date | Due Date |
| 1 | FILED AND FEE | Aug 27, 2018 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Aug 27, 2018 | Oct 06, 2018 |
| 3 | PENDING, INSTITUTED | Aug 27, 2018 | |
| 4 | ANSWER | Oct 04, 2018 | |
| 5 | D MOT FOR EXT W/ CONSENT | Nov 19, 2018 | |
| 6 | EXTENSION OF TIME GRANTED | Nov 19, 2018 | |
| 7 | D MOT FOR EXT W/ CONSENT | Jan 03, 2019 | |
| 8 | EXTENSION OF TIME GRANTED | Jan 03, 2019 | |
| 9 | D MOT TO SUSP W/ CONSENT PEND SETTL NEGOTIATIONS | Feb 26, 2019 | |
| 10 | SUSPENDED | Feb 26, 2019 | |
| 11 | P MOT TO SUSP W/ CONSENT PEND SETTL NEGOTIATIONS | Apr 30, 2019 | |
| 12 | SUSPENDED | May 01, 2019 | |